Jaswinder KAUR, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73582.

Agency No. A72–684–494.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 18, 2003.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Office of Immigration Litigation, Civil Division, Department of Justice, Virginia Lum, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Jaswinder Kaur, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals summarily affirming the immigration judge's ("IJ") order denying her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the IJ's adverse credibility finding for substantial evidence. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition.

■ Substantial evidence supports the IJ's adverse credibility determination in that Kaur provided contradictory accounts about which political organizations she supported in India, the location of her third arrest, and the nature of the torture that followed her third arrest. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam).

■ Contrary to Kaur's contention, the IJ did not err in relying on the asylum officer's testimony at the deportation hearing or on the officer's interview notes. *See Espinoza v. INS*, 45 F.3d 308, 309–11 (9th Cir.1995). The officer testified that he took the notes during the asylum interview, Kaur's counsel cross-examined him at the deportation hearing, and Kaur's counsel did not object at the deportation hearing to the admission of the notes into the record. *See id.* at 310 ("The sole test for admission of evidence [at a deportation hearing] is whether the evidence is probative and its admission is fundamentally fair.").

■ Kaur correctly contends that the IJ did not determine her eligibility for relief under the Convention Against Torture. The IJ was not required to determine Kaur's eligibility, however, because she did not request that the IJ grant her relief under the Convention.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Clerk shall amend the docket to reflect that John Ashcroft is the proper respondent.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.