**Yuri Alekseyvich ABRAMOV,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–71856, A73–217–265.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Oct. 7, 2004.

Decided Oct. 22, 2004.

Keith Tokerud, Scott, Tokerud & McCarty, Great Falls, MT, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, WWS–District Counsel, Seattle, WA, John C. Cunningham, Washington, DC, for Respondent.

Before D.W. NELSON, THOMAS, Circuit Judges, and EZRA,* District Judge.

## MEMORANDUM**

Yuri Abramov, a native and citizen of the Ukraine, petitions for review of the Board of Immigration Appeals' summary affirmance without opinion under 8 C.F.R. § 1003.1(e)(4) of an immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

In his oral decision, the immigration judge made a number of passing remarks questioning Abramov's credibility. However, because the immigration judge failed to make an explicit adverse credibility finding, we are required to presume Abramov's testimony to be true. *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994). Taken as true, Abramov was subjected to a groundless prosecution for rape because of his outspoken political beliefs. Objective evidence in the record supports his claim that, during this period, fabricated rape charges were used by the Soviet regime against persons charging public officials with corruption. His claim is further bolstered by the fact that, when the Soviet police searched his apartment as part of the criminal investigation, the only items taken were writings related to political activities, including a letter that he testified he had written to *Pravda*, a complaint of six typed pages alleging misconduct on the part of the head of the Belgorod–Dnestovskii port, and two student notebooks with the handwriting of Abramov about the alleged misconduct. Further, the accusing witness was inconsistent in her statements, and there is evidence in the record that she may have been subject to coercion.

The government highlights inconsistencies in Abramov's testimony. However, as we have noted, given a lack of a specific adverse credibility finding, we must accept his testimony as true.[1] Therefore, substantial evidence does not support the im-

---

\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Some of the inconsistencies may be explained because the immigration judge prevented the interpreter from providing translation services at the hearing on the belief that she might testify about country conditions in the Ukraine. "Due process requires that an applicant be given competent translation services." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003) (citing *Perez–Lastor v. INS*, 208 F.3d 773, 778 (9th Cir.2000)). A removal hearing is an administrative proceeding not bound by the strict rules of evidence, *see Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995); thus, exclusion of witnesses is not required, but rests in the sound discretion of the judge upon appropriate motion. In this case, the requirements of due process clearly outweighed any concerns about a potential witness being influenced by testimony, particularly when the subject of the potential witness's testimony was different from the testimony of the petitioner. Petitioner does not assert this error on appeal, but some inconsistencies perceived by the immigration judge may be explained in part by a lack of fluency. Further, upon close examination, the alleged inconsistencies did not constitute specific and

migration judge's conclusion that there was serious reason to believe Abramov committed a serious nonpolitical crime prior to entering the United States, and is therefore ineligible for asylum, withholding of removal, and withholding of removal under the Convention Against Torture pursuant to 8 U.S.C. § 1158(b)(2)(A)(iii).

█ Further, accepting the petitioner's testimony as true, he has established past persecution on account of political opinion, which makes him eligible for a grant of asylum. *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000).

For these reasons, we must grant the petition for review and remand this case to the Board of Immigration Appeals for further proceedings. A showing of past persecution raises a presumption of a well-founded fear of future persecution, which the government may rebut by showing that country conditions have changed so that the asylum applicant's fear of future persecution is no longer reasonable. *See* 8 C.F.R. § 208.13(b)(1). Because the immigration judge did not apply the regulatory presumption, we remand to the Board of Immigration Appeals. *INS v. Ventura*, 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). On remand, the BIA shall allow the parties to supplement the record with evidence of the current conditions in the Ukraine. *Surita v. INS*, 95 F.3d 814, 821 (9th Cir.1996).[2]

**PETITION GRANTED; REMAND-ED.**

cogent reasons for rejecting his testimony. *Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir.2003).

2. The remand makes the petitioner's motion for remand to present further evidence of country conditions moot.