Maria **MARRON–DE BRAVO,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney
General, Respondent.**

No. 06–72044.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 23, 2007.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Maria Marron–De Bravo, a native and citizen of Mexico, petitions for review of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying her motion to terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Marron–De Bravo's contention that the agency erred by not requiring the government to take reasonable steps to produce the preparer of the I–213 for cross-examination fails because she did not provide probative evidence casting doubt on the reliability of the I–213. *See Espinoza v. INS,* 45 F.3d 308, 311 (9th Cir.1995) (concluding that alien is not entitled to cross-examine preparer of I–213 when preparer was INS agent and no evidence contradicted the challenged hearsay).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.