Maria G. RUMBO–CISNEROS, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 06–74371.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 **.

Filed Dec. 10, 2007.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nikhil M. Shah, Law Offices of Nikhil M. Shah, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John C. Cunningham, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM ***

Maria G. Rumbo–Cisneros, a native and citizen of Mexico and lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision finding her removable for participating in alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, *Vas-*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*quez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and review for substantial evidence the agency's findings of fact, *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005). We deny the petition for review.

■ Contrary to Rumbo–Cisneros' contention, the IJ did not deprive her of a fair hearing by admitting her statements to the immigration officials in the form of the I–213 and a transcript of the sworn interview. *See Cuevas–Ortega v. INS,* 588 F.2d 1274, 1278 (9th Cir.1979) (no due process violation because "the bare assertion that a statement is involuntary is insufficient" to prove coercion); *Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it.").

■ According to the forms, Rumbo–Cisneros admitted to immigration officials that she attempted to drive an alien across the border knowing that the alien did not have legal means to enter the United States. Substantial evidence therefore supports the IJ's finding that Rumbo–Cisneros knowingly encouraged, induced, assisted, abetted, or aided an alien's attempt to enter the United States in violation of law. *See* 8 U.S.C. § 1182(a)(6)(E)(i); *Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 747–49 (9th Cir. 2007). The IJ did not abuse his discretion in denying Rumbo–Cisneros' request for a continuance. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996) (stating that a decision whether to grant a continuance will be overturned only upon a showing of a clear abuse of discretion). Accordingly,

the BIA did not violate Rumbo–Cisneros' due process rights in affirming the IJ's determination that she was removable as charged and the IJ's denial of her request for a continuance. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**