**Jose Domingo MADUENO–GONZALEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74206.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Rhoda Sherif, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Francisco, CA, Kathryn Moore, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Jose Domingo Madueno–Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's good moral character determination, *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's determination that Madueno–Gonzalez provided false testimony for the purpose of obtaining an immigration benefit, thereby rendering him ineligible for cancellation of removal for lacking the requisite good moral character. *See* 8 U.S.C. § 1101(f)(6); *see also, Ramos,* 246 F.3d at 1266.

Contrary to Madueno–Gonzalez's contention, the IJ did not violate his due process rights by admitting the I–213 record of deportable/inadmissible alien, which documented his attempt to enter the United States by misrepresenting his identity and immigration status and which was supported by the preparing officer's testimony. *See Cuevas–Ortega v. INS,* 588 F.2d

1274, 1278 (9th Cir.1979) (no due process violation because "the bare assertion that a statement is involuntary is insufficient" to prove coercion); *see also Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

