Juan Melendres JIMENEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–72284.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted July 22, 2008.*

Filed July 30, 2008.

Juan Melendres Jimenez, Simi Valley, CA, pro se.

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Juan Melendres Jimenez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision that he is inadmissible for participating in alien smuggling and ineligible for lawful permanent resident cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process challenges and questions of law, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and we review factual determinations for substantial evidence, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005). We deny the petition for review.

The IJ's admission of government-prepared forms did not deny Jime-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nez due process because he did not provide probative evidence casting doubt on their reliability. *See Espinoza v. INS,* 45 F.3d 308, 310–11 (9th Cir.1995) (a government-prepared form is admissible and there is no right to cross-examine its preparer when an alien produces no probative evidence casting doubt on its reliability); *see also Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation). According to the Record of Sworn Statement, Jimenez admitted to knowing that the alien he attempted to drive across the border did not have documents to enter the United States lawfully. Substantial evidence therefore supports the agency's determination that Jimenez knowingly encouraged, induced, assisted, abetted, or aided an alien's attempt to enter the United States in violation of law. *See* 8 U.S.C. § 1182(a)(6)(E)(i); *see also Moran,* 395 F.3d at 1092.

 Contrary to Jimenez's contention, the BIA correctly determined that he was ineligible for cancellation of removal because he was granted suspension of deportation in October 1998 and his Notice to Appear was served in May 2004. *See* 8 U.S.C. § 1229b(a)(2) (requiring cancellation applicants to have resided continuously in the United States for seven years "after having been admitted in any status"); *id.* at § 1229b(d)(1) (period of continuous residence ends "when the alien is served a notice to appear").

In light of our disposition, we need not reach Jimenez's remaining contentions.

**PETITION FOR REVIEW DENIED.**

