Ramiro Cruz ESPINOZA, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 94–70094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1994.

Decided Jan. 12, 1995.

As Amended on Denial of Rehearing and
Rejection of Suggestion for Rehearing
En Banc April 7, 1995.

Niels W. Frenzen, Public Counsel, Los Angeles, CA, for petitioner.

Francesco Isgro, U.S. Dept. of Justice, Office of Immigration Litigation, Washington, DC, for respondent.

Before: FLETCHER, THOMPSON and RYMER, Circuit Judges.

FLETCHER, Circuit Judge:

Ramiro Cruz Espinoza seeks review of the Board of Immigration Appeals's ("BIA"'s) dismissal of his appeal of an immigration judge's deportation order. Cruz Espinoza claims that the BIA erred in holding that an Immigration and Naturalization Service ("INS") form prepared by border agents who apprehended him was admissible at his deportation hearing and constituted clear and convincing evidence that he was deportable. We have jurisdiction under 8 U.S.C. § 1105a(a), and we affirm.

## I

On July 10, 1992, the INS apprehended Cruz Espinoza in California and issued an Order to Show Cause alleging that Cruz Espinoza was a Mexican citizen who had entered the United States illegally in 1989. Cruz Espinoza was charged under 8 U.S.C. § 1251(a)(1)(B), which prohibits entering the country without inspection.

At deportation hearings on August 25 and September 24, 1992, Cruz Espinoza's attorney denied the charge. *Id.* at 104. After stating his name, Cruz Espinoza invoked the Fifth Amendment and refused to answer further questions. The only evidence offered by the INS was a copy of an INS Form I–213, Record of a Deportable Alien. The form, which border agents routinely complete after interviewing aliens,[1] stated that Cruz Espinoza was from Mexico and had entered the U.S. in February 1989. Attached to the Form I–213 was a signed statement by the INS district director for Los Angeles, certifying that the form was a copy of a document in Cruz Espinoza's INS file.

Cruz Espinoza's attorney objected that the form had not been properly authenticated, was hearsay, and was not reliable. He contended that Cruz Espinoza could not have provided all of the information on the form. As an example, he noted a reference to a citation of a California statute under which

Cruz Espinoza had been convicted of an unrelated crime. The immigration judge admitted the Form I–213 and denied Cruz Espinoza's request to cross-examine the form's preparer.

The judge then ruled that Cruz Espinoza was deportable, and granted voluntary departure. Cruz Espinoza appealed to the BIA, renewing his claims that the Form I–213 was not properly authenticated and was unreliable hearsay, and asserting that he had been improperly denied a chance to cross-examine the preparer. He also claimed that the immigration judge had abused his discretion in denying him a continuance.

The BIA dismissed the appeal. It held that the Form I–213 was properly authenticated; and that such forms are presumed inherently reliable if authenticated, and are presumed to contain information from the respondent unless the respondent presents evidence to the contrary. Furthermore, the BIA said that Cruz Espinoza's Form I–213 was highly probative, and that its admission was fair because there was no evidence that any information had been obtained through coercion. The BIA found that the errors that Cruz Espinoza claimed appeared on the form were irrelevant to the purpose for which the form was admitted, which was to demonstrate alienage.

The BIA held that the immigration judge was not obligated to permit Cruz Espinoza to cross-examine the preparer. Because Cruz Espinoza had presented no testimony to counter the INS's charge of illegal entry, the BIA found that the INS had proved deportability by clear and convincing evidence. The BIA also rejected the claim that the judge had improperly denied a continuance.

In this petition, Cruz Espinoza seeks review only of the dismissal of his claims concerning evidence of deportability.

## II

Cruz Espinoza first contends that the Form I–213 should not have been admitted because it was not properly authenticated. Authentication serves to establish a chain of custody for government records. The Ninth Circuit requires only that immigration forms be authenticated through some recognized procedure, such as those required by INS regulations or by the Federal Rules of Civil

---

1. "The Form I–213 is essentially a recorded recollection of a[n INS agent's] conversation with the alien...." *Bustos–Torres v. INS,* 898 F.2d 1053, 1056 (5th Cir.1990).

Procedure. *Iran v. INS*, 656 F.2d 469, 472 (9th Cir.1981).

■ Cruz Espinoza's Form I–213 was certified by the INS's Los Angeles district director. This conformed to Fed.R.Civ.P. 44, which states that official records "may be evidenced by ... the officer having the legal custody of the record, or by the officer's deputy, and accompanied by a certificate that such officer has the custody," and to 8 C.F.R. § 287.6(a), which contains virtually identical language. The certification process satisfies *Iran.*

In arguing that more is required, Cruz Espinoza cites two Ninth Circuit cases upholding the admission of Form I–213's accompanied by affidavits or testimony of the preparer. However, neither case held that such additional validation is required. *Trias–Hernandez*, 528 F.2d at 369; *Tejeda–Mata v. INS*, 626 F.2d 721 (9th Cir.1980), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982).

Cruz Espinoza also cites two cases in which the Ninth Circuit found documents not properly authenticated. However, neither is on point. In *Iran*, the INS "failed to introduce any proof of authenticity, or any proof from which the immigration judge could infer that the form was a true document," *Iran*, 656 F.2d at 473. In addition, the challenged evidence was the affidavit of a non-government witness. In *Baliza v. INS*, 709 F.2d 1231, 1234 (9th Cir.1983), an alien challenged the admission of an application that he had purportedly submitted to the INS. Once again, the application was not prepared by the government, as is a Form I–213.

■ Cruz Espinoza next contends that the BIA violated due process by admitting the Form I–213 because the form was hearsay. However, a deportation hearing is an administrative proceeding not bound by strict rules of evidence; nonetheless, aliens must be accorded due process. *Baliza*, 709 F.2d at 1233; *De Hernandez v. INS*, 498 F.2d 919, 921 (9th Cir.1974). The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair. *Trias–Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir.1975).

In *Trias–Hernandez*, 528 F.2d at 369, we held that a Form I–213 is probative on the issue of entry, and its admission is fair absent evidence of coercion or that the statements are not those of the petitioner. Cruz

Espinoza has not alleged coercion. While he asserts that his Form I–213 appears to have two types of handwriting, and does not indicate who filled it out and when, he has offered no evidence to show that the form contains material errors. In fact, the form appears to have been prepared in accordance with normal recordkeeping requirements, and is signed and dated by the officer who completed it.

Cruz Espinoza cites three cases in which official reports were found untrustworthy and excluded. However, in each of these cases, there was either strong evidence of unreliability, or the source of information was neither a government official nor the subject of the report. *U.S. v. Romo*, 914 F.2d 889, 896 (7th Cir.1990) (police report about tips from informants); *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1271–72 (7th Cir.1988) (part of pilot's report about an equipment failure deemed untrustworthy after pilot testified he did not write it); *Meder v. Everest & Jennings, Inc.*, 637 F.2d 1182, 1185–88 (8th Cir.1981) (products liability case; statements in police report excluded as hearsay when officer who prepared the report testified he could not recall if the plaintiff was the one who made the statements, and no other hearsay exception applied).

■ The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it. *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir.1992). This rule is "premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports." *Keith v. Volpe*, 858 F.2d 467, 481 (9th Cir.1988), *cert. denied*, 493 U.S. 813, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989). Another consideration is "the great inconvenience that would be caused to public business if public officers had to be called to court to verify in person every fact they certify." *U.S. v. Aikins*, 946 F.2d 608, 614 (9th Cir.1990).

■ We agree with the BIA that information on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien. This position closely tracks the Federal Rules of Evidence, which exempt public records containing factual findings from an

official investigation from the prohibition on hearsay "unless the sources of information or other circumstances indicate lack of trustworthiness." Fed.R.Evid. 803(8)(c). Thus, we hold that Cruz Espinoza's Form I–213 was admissible.

## III

■ The immigration judge was not required to permit cross-examination of the form's preparer in this case. Under 8 U.S.C. § 1252(b)(3), an alien must have a reasonable opportunity to cross-examine witnesses presented by the Government. While the statute on its face does not give an alien the right to cross-examine a witness not "presented by the Government," we have previously recognized that "the statutory purposes behind § 1252(b)(3) would be frustrated 'if the government's choice whether to produce a witness or to use a hearsay statement [were] wholly unfettered.'" *Cunanan v. INS,* 856 F.2d 1373, 1375 (9th Cir.1988) (quoting *Baliza v. INS,* 709 F.2d 1231, 1234 (9th Cir.1983)). Unlike this case, the hearsay in *Cunanan* was not an alien's admission recorded by an INS agent in a public record, but the affidavit of the alien's wife claiming that their marriage was a sham. *Cunanan,* 856 F.2d at 1374. Furthermore, Cunanan, unlike Cruz Espinoza, had put on evidence contradicting the challenged hearsay. *Id.* Even if Cruz Espinoza's cross-examination of the INS agent who prepared the Form I–213 might have reduced somewhat the form's probative value, it would not have changed the result of the proceeding because Cruz Espinoza put on no evidence at all against which the content of the I–213 could be weighed. Aliens in deportation proceedings "may not assert a cross-examination right to prevent the government from establishing uncontested facts." *Olabanji v. INS,* 973 F.2d 1232, 1234 n. 1 (5th Cir.1992).

A petitioner who produced probative evidence that contradicts anything material on the I–213 would cast doubt upon its reliability. In that case, the factfinder would be hard put to find the I–213 clear and convincing evidence of alien status without the government's producing evidence to show the reliability of the information on the I–213.

Here we have a government document in which a government agent simply has noted a person's alienage, presumably from information out of the alien's mouth. The agent cannot be presumed to be an unfriendly witness or other than an accurate recorder. Establishing an automatic right to cross-examine the preparers of such documents would place an unwarranted burden on the INS. As the Supreme Court noted in *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1049, 104 S.Ct. 3479, 3488, 82 L.Ed.2d 778 (1984), "Immigration officers apprehend over one million deportable aliens in this country every year.... A single agent may arrest many illegal aliens every day.... At present an officer simply completes a 'Record of deportable Alien' that is introduced to prove the INS's case at the deportation hearing; the officer rarely must attend the hearing."

## IV

■ We hold that Cruz Espinoza's Form I–213 was properly admitted. The BIA must base deportability findings on clear and convincing evidence. *Woodby v. INS,* 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966); 8 U.S.C. 1252(b)(4). Cruz Espinoza's Form I–213 contained his name and citizenship, and an indication of entry without inspection. He bore the burden of demonstrating legal entry. 8 U.S.C. § 1361; *Tejeda–Mata v. INS,* 626 F.2d 721 (9th Cir.1980). Because he offered no evidence of legal entry, we hold that the INS demonstrated his deportability by clear and convincing evidence.

AFFIRMED.