113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Antonio CORTEZ, a.k.a. Juan Antonio Cortez-Reyes, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70235.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Antonio Cortez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") finding that he was deportable under 8 U.S.C. § 1251(a)(2) (1988)[1] for having entered the United States without inspection. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(1), and we deny the petition.
 
 
 3
 This court reviews factual findings of the BIA under the substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The decision must be affirmed unless a "reasonable factfinder" would have to conclude that the BIA was wrong. See id.
 
 
 4
 Cortez's contention that the IJ erred by admitting his I-765 Form into evidence because it is unreliable and untrustworthy on its face lacks merit. See Baliza v. INS, 709 F.2d 1231, 1233 (9th Cir.1983) (stating that deportation hearings are not bound by the strict rules of evidence; the test for admissibility is whether the evidence is probative and its admission is fundamentally fair).[2]
 
 
 5
 Cortez also contends that, even if properly admitted, the I-765 Form contains discrepancies and does not constitute clear, unequivocal and convincing evidence of his alienage. This contention lacks merit. See Woodby v. INS, 385 U.S. 276, 286 (1966). The discrepancies Cortez points to are immaterial in light of the fact that he signed the I-765 Form under penalty of perjury, see United States v. Felix-Jerez, 667 F.2d 1297, 1299 (9th Cir.1982) (noting that defendant's signature operates as sufficient proof that defendant made statement), and the Form was certified by an INS district director, see Espinoza v. INS, 45 F.3d 308, 309-10 (9th Cir.1995) (holding that a form certified by an INS district director was properly admitted).
 
 
 6
 Because the I-765 Form is admissible evidence proving that Cortez is a native and citizen of Mexico, the BIA did not err by concluding that the INS introduced clear, unequivocal, and convincing evidence that Cortez is an alien, and thus, deportable. See id. at 310-11.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 U.S.C. § 1251(a)(2) is amended by the Immigration Act of 1990, and is renumbered 8 U.S.C. § 1251(a)(1)(B)
 
 
 [2]
 We reject Cortez's contention that he should be allowed to cross-examine the preparer of the I-765 Form because he failed to raise this argument before the IJ or the BIA. See Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980)