**Xian Lin CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70088.
Agency No. A77–340–800.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

David Z. Su, El Monte, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald A. Couvillon, Cindy S. Ferrier, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Xian Lin Chen, a native and citizen of China, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ") denial of her request for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

The evidence in the record shows that, on the day that Chen arrived in the United States, an immigration official recorded and verified a sworn statement in which Chen stated that she was never persecuted in China, and her written questionnaire indicated she was seeking asylum only because she wanted to study in the United States. Chen's asylum application and hearing testimony assert that she was persecuted by Chinese authorities because she was a Christian. This inconsistency is sufficiently material to form the basis for an adverse credibility determination. *See id.* at 1152.

Despite Chen's contention that her refusal to sign the sworn statement was consistent with her later testimony regarding the reasons she came to the United States, she failed to allege, and the record does not show, that the statement should be excluded from consideration because it was coerced, or because of strong evidence of its unreliability. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995). The IJ therefore properly relied on the statement in making the adverse credibility determination. *See Singh–Kaur*, 183 F.3d at 1150 ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.") (internal citations and quotations omitted).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.