Adolfo Advincula CABRERA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75291.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Amy S. Howe, Esq., USBO—Office of The U.S. Attorney, Boise, ID, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Adolfo Advincula Cabrera, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence, *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000), and we deny the petition for review.

The BIA's adverse credibility findings are supported by substantial evidence, as Cabrera testified inconsistently to events central to his claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). In addition, the BIA properly found that Cabrera

---

failed to provide corroboration to support his claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1045 (9th Cir.2001).

In the absence of credible evidence, Cabrera has failed to show eligibility for asylum or withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Because Cabrera's claims under CAT are based on the same facts that the BIA found to be not credible, and Cabrera points to no other evidence the BIA should have considered, he has failed to establish that the record compels a finding of eligibility for CAT relief. *See id.* at 1157.

Finally, Cabrera failed to show that the IJ violated his due process rights. *See Halaim v. INS*, 358 F.3d 1128, 1136 (9th Cir.2004); *see also Espinoza v. INS*, 45 F.3d 308, 311 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**