Maria **FERNANDEZ–PEREZ,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–76766.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2007 *.

Filed March 27, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM **

Petitioner petitions for review the Board of Immigration Appeal's affirmance of the immigration judge's ("IJ") order of removal and denial of her motion to suppress.

Because the facts are known to the parties, we do not review them here.

 Petitioner argues that the IJ erred in denying Petitioner's motion to suppress an authenticated I–213. Petitioner argues that the admission of the I–213 denied her the right to cross-examine the witnesses against her, in violation of 8 U.S.C. § 1229a(b)(4)(B). This argument is foreclosed by *Espinoza v. INS*, 45 F.3d 308 (9th Cir.1995). As in *Espinoza*, Petitioner has not presented any evidence contradicting the challenged evidence and has not alleged that the statements were not her own or were obtained through coercion.

 Petitioner also moved to suppress the I–213 based on an asserted egregious

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

Fourth Amendment violation. *See Orho-rhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994). By her own account of the events, Petitioner admitted her identity, alienage, and lack of a driver's license before the police searched her car. The police therefore had probable cause to arrest Petitioner before the alleged violation of her Fourth Amendment rights. Her arrest for driving without a license and subsequent statements were thus not "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). That Petitioner's detention pursuant to a detainer was longer than the 48 hours provided for by 8 C.F.R. § 287.7 is immaterial to the Fourth Amendment analysis because that detention occurred after her statements to the INS agent.

Petitioner also argues that her rights under the Fifth Amendment and 8 U.S.C. § 1229a(b)(4)(B) were violated by the "voir dire" conducted by the government during her hearing. The only statements made by Petitioner were that she understood that she was not in a criminal court, and that she recalled being taken into INS custody and interviewed by an INS agent. Petitioner does not explain how the voir dire might violate 8 U.S.C. § 1229a(b)(4)(B); by its plain language, that provision is not implicated. Even if the voir dire somehow violated Petitioner's rights under the Fifth Amendment, the claim fails for lack of prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

The petition is **DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.