Maria De Jesus **IBARRA DE PARROQUIN,** Petitioner,

v.

Michael B. **MUKASEY,**[*] Attorney General, Respondent.

No. 05–76747.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.[**]

Filed Dec. 10, 2007.

Gary Olive, Law Office of Gary Olive, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., Leslie McKay, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM [***]

Maria De Jesus Ibarra De Parroquin, a native and citizen of Mexico and lawful

---

[*] Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

permanent resident of the United States, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision finding her removable for participating in alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Contrary to Ibarra De Parroquin's contention, her due process rights were not violated because she not provide probative evidence casting doubt on the reliability of the I–213. *See Espinoza v. INS*, 45 F.3d 308, 310–11 (9th Cir.1995) (holding that a government-prepared form is admissible and there is no right to cross-examine its author where alien produces no probative evidence casting doubt on its reliability); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

To the extent Ibarra De Parroquin contends that the IJ failed to act as a neutral fact finder or exhibited bias, the record does not reflect that the proceedings were "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar*, 210 F.3d at 971 (citation omitted).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.