Luis NAVARRO–MARTINEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73562.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Tim Everett, Esq., Law Office of Tim Everett, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Luis Navarro–Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dis-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missing his appeal from an immigration judge's ("IJ") decision finding him removable for participating in alien smuggling and denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations. *Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 744 (9th Cir.2007). We review de novo questions of law, including equal protection challenges. *Chavez–Perez v. Ashcroft,* 386 F.3d 1284, 1287 (9th Cir.2004). We deny the petition for review.

Navarro–Martinez contends the IJ improperly relied on the Form I–213. However, the I–213 was admitted without objection, and the immigration official who interviewed Navarro–Martinez testified that he remembered preparing the form and that it was accurate. The IJ therefore properly admitted and considered the I–213. *See Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995) (I–213 is presumed reliable, and "[t]he burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence").

According to the I–213, Navarro–Martinez stated that he knew the alien lacked legal means to enter the United States, and that while in Mexico he arranged to pick the alien up after the alien crossed the border. Substantial evidence therefore supports the agency's determination that Navarro–Martinez knowingly assisted the alien to enter into the United States unlawfully, and that Navarro–Martinez is therefore removable. *See* 8 U.S.C. § 1227(a)(1)(E)(i) (alien who knowingly "encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law

is deportable"); *Urzua Covarrubias,* 487 F.3d at 748–49.

Navarro–Martinez's contention that the denial of his application for cancellation of removal violated his right to equal protection is unpersuasive.

**PETITION FOR REVIEW DENIED.**