Saul **ROBLES–MARTINEZ, Petitioner,**

v.

Michael B. **MUKASEY, Attorney**
**General, Respondent.**

No. 07–70610.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2008.

Filed Sept. 4, 2008.

John Wolfgang Gehart, Carlos Vellanoweth, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

David V. Bernal, Regina Byrd, James Eugene Grimes, Senior Litigation Counsel, OIL, U.S. Department Of Justice, Washington, DC, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY and BYBEE, Circuit Judges, and QUACKENBUSH,* Senior District Judge.

MEMORANDUM **

Petitioner Saul Robles–Martinez ("Robles") seeks review of the January 17, 2007 decision by the BIA affirming an IJ's order of removal. The IJ found that Robles was removable under 8 U.S.C.

---

* The Honorable Justin L. Quackenbush, Senior District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1182(a)(6)(E)(i). Robles claims that the IJ erred when he refused to exclude statements given in an I–877 and recounted in an I–213 on the ground that the confession contained therein was obtained either: (1) in violation of 8 C.F.R. § 287.3(c); or (2) in violation of the Constitution because the circumstances surrounding the interrogation were unduly coercive, *see Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995); *Cuevas–Ortega v. INS,* 588 F.2d 1274, 1278 (9th Cir.1979).

Robles, a legal permanent resident, was arrested without a warrant after reentering the United States through the San Ysidro Port of Entry on April 22, 2006. His legal status was not at issue. Some ten hours after being taken into custody Robles was interrogated concerning the possible violation of federal criminal laws after being informed of the five year criminal sentence for making a false statement to a federal officer. He was not warned that he had a right to counsel or that any statements he made could be used against him in subsequent proceedings. After making an inculpatory statement, he was then placed into formal proceedings, at which time those warnings were given. Regulation 8 C.F.R. § 287.3(c) states that "an alien arrested without warrant *and* placed in formal proceedings ... will be advised of the reasons for his or her arrest and the right to be represented at no expense to the Government ... [and] that any statement made may be used against him or her in a subsequent proceeding." 8 C.F.R. § 287.3(c) (emphasis added). Robles argues that the Customs and Border Patrol officers who interrogated him violated § 287.3 and his constitutional rights when they failed to give him the listed warnings prior to his interrogation.

The resolution of this case as to 8 C.F.R. § 287.3, but not the constitutional issue, is now controlled by *Rodriguez–Echeverria*

*v. Mukasey,* 534 F.3d 1047, 1048 (9th Cir. 2008). In that case, the petitioner was arrested without a warrant and interrogated without being warned of her right to counsel or that her statements could be used against her. *Id.* at 1049–50. The petitioner was then placed into formal proceedings, at which time she was given the appropriate warnings. *Id.* The *Rodriguez–Echeverria* panel held that they were unable to determine whether such conduct violated 8 C.F.R. § 287.3(c) without further guidance from the BIA, and stated that "the BIA on remand should determine in the first instance whether § 287.3 requires the officers to warn [the petitioner] prior to interrogation that she had a right to counsel and that her statements could be used against her, and if so, whether her statements should be suppressed." *Id.* at 1051.

We therefore grant Robles's petition in light of *Rodriguez–Echeverria v. Mukasey,* and remand with instructions for the BIA to apply the resolution of the legal issues presented in that case to Robles's appeal. Because we must grant the petition to resolve Robles' regulatory claim, we express no opinion on the constitutional claim, *see INS v. Lopez–Mendoza,* 468 U.S. 1032, 1034, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984); *Espinoza,* 45 F.3d at 310, or on how "[a]ny failure to comply with the regulations may ... bear on the question of whether [the] statements were voluntary under the Fifth Amendment." *Rodriguez–Echeverria v. Mukasey,* 534 F.3d at 1051.

Petition **GRANTED.**