MEMORANDUM *
Husband and wife, Jose Antonio Mata Mata and Marcelina Sanchez De Mata, and their two sons, Juan Jose Mata Sanchez and Ricardo Mata Sanchez (collectively “Petitioners”) petition for review of the Board of Immigration Appeals’s (“BIA”) decision that they were removable under 8 U.S.C. § 1182(a)(6)(C)(i). We have jurisdiction pursuant to 8 U.S.C. § 1252. The parties know the facts, and we need not recite them here. We grant the petition.
Because the Government has conceded there was no evidence of Petitioners’ knowledge and offered no argument as to knowledge, we find no substantial evidence supporting the Immigration Judge’s conclusion that Petitioners were removable because they procured admission into the United States by fraud or willful misrepresentation. See 8 U.S.C. § 1182(a)(6)(C)(i); Matter of G-G-, 7 I. & N. Dec. 161, 164-65 (BIA 1956) (construing § 1182(a)(6)(C)(i)’s predecessor to require a petitioner’s knowledge of falsity for both fraud and willful misrepresentation); Forbes v. INS, 48 F.3d 439, 442 (9th Cir.1995) (stating that a petitioner’s knowledge of falsity satisfies § 1182(a)(6)(C)(i)’s fraud or willful misrepresentation requirement). For this reason, we need not reach Petitioners’ other issues, including the BIA’s decision on the motion to reopen, except to say that there was no error in the admis *385 sion of Mata’s Mexican birth certificate. See Espinoza v. INS, 45 F.3d 308, 310 (9th Cir.1995).
We thus GRANT the petition and REMAND for a decision on the Government’s alternate ground for removal, the failure to possess valid entry documents under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.