NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL GOMEZ-PEREZ, | No. 05-74574 |
| Petitioner, | Agency No. A075-580-176 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Jose Manuel Gomez-Perez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision finding him removable for participating in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

SS/Research

alien smuggling.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and review for substantial evidence the agency's findings of fact, *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 744 (9th Cir. 2007).  We deny the petition for review.

Substantial evidence supports the IJ's finding that Gomez-Perez is removable for alien smuggling where the record contains evidence that Gomez-Perez knew the smugglee was not his niece Maira, yet indicated to the immigration inspector that the smugglee was Maira and the smugglee was a part of his family. *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005).

Gomez-Perez's due process rights were not violated by the admission of the smuglee's Form I-213 (Record of Deportable/Inadmissible Alien) because the form was probative as to the smugglee's alienage, and its admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair," and rejecting argument that a Form I-213 is inadmissible as hearsay).  The IJ properly denied Gomez-Perez's request to cross-examine the preparers of the smugglee's

Forms-213 and 831 and his Form I-213, because Gomez-Perez did not produce probative evidence that cast doubt on the documents' reliability. *See id.*

Finally, Gomez-Perez's contention that the IJ violated his duties as a neutral fact finder is not supported by the record.

**PETITION FOR REVIEW DENIED.**