FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO ARREOLA-AMEZQUITA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-70434<br><br>Agency No. A095-489-549<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

   Jose Antonio Arreola-Amezquita, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for adjustment of status.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005), and review de novo claims of due process violations in immigration proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The record does not compel the conclusion that Arreola-Amezquita met his burden of proving lawful admission in March 2000. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted). Arreola-Amezquita's testimony regarding his manner of entry materially conflicted with the Form I-213 and supporting testimony of Agent Rosenberg. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (finding a Form I-213 probative and its admission fundamentally fair).

It follows that Arreola-Amezquita's due process contentions are unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**