**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAQUELINE MARITZA MARRON DE AGUILAR, | No. 09-71408 |
| Petitioner, | Agency No. A079-648-734 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jaqueline Maritza Marron de Aguilar, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's removal order. We have jurisdiction under

8 U.S.C. § 1252. We review de novo questions of law and due process claims, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Marron de Aguilar participated in alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i). Her sworn statement reflects she assisted two Mexican nationals in an attempt to enter the United States illegally. *See* 8 U.S.C. § 1182(a)(6)(E)(i) (an alien is inadmissible if she has "knowingly encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law").

Marron de Aguilar's due process rights were not violated by the admission of her sworn statement because the document was probative, and its admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair"). Marron de Aguilar had the opportunity to cross examine the preparer of her statement and she produced no probative evidence that cast doubt on the document's reliability. *See id.*

Marron de Aguilar's remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED**.