**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAJUDDIN ISMAIL, | No. 07-73308 |
| Petitioner, | Agency No. A096-494-189 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Tajuddin Ismail, a native and citizen of Pakistan, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and we deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused Ismail's untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, Ismail's asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination because Ismail admitted his testimony at his asylum interview was inconsistent with his hearing testimony concerning his participation in political rallies and the circumstances surrounding the 1998 rally and his second arrest, *see Li*, 378 F.3d at 962, and the agency reasonably rejected Ismail's explanation for the inconsistencies, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). We reject Ismail's contention that the IJ violated his due process rights by admitting the asylum officer's notes in the officer's absence. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995). In the absence of credible testimony, Ismail failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Ismail's CAT claim is based on the same evidence the agency found not credible, and Ismail points to no other evidence showing it is more likely

07-73308

than not he would be tortured if returned to Pakistan, his CAT claim also fails. *See id*. at 1157.

**PETITION FOR REVIEW DENIED.**