**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO GOMEZ ORTEGA,<br><br>               Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 08-73821<br><br>Agency No. A079-525-692<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

     Pablo Gomez Ortega, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's continuous physical presence determination, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006), and review de novo constitutional claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Gomez Ortega's challenge to his June 1998 expedited removal order. *See* 8 U.S.C. § 1252(a)(2)(A); *Avendano-Ramirez v. Ashcroft,* 365 F.3d 813, 818-819 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Gomez Ortega's expedited removal order prevented him from accruing the continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *Juarez-Ramos v. Gonzales*, 485 F.3d 509, 512 (9th Cir. 2007) (an expedited removal order interrupts accrual of continuous physical presence for purposes of cancellation).

Gomez Ortega's due process claims fail because he cannot demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice for a petitioner to prevail on a due process claim); *see also Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (presuming reliability of authenticated immigration forms).

08-73821

Gomez Ortega's equal protection claim is foreclosed.  *See Juarez-Ramos*, 485 F.3d at 512.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**