NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN NUNEZ-MARQUEZ, | No. 10-72331 |
| Petitioner, | Agency No. A098-761-915 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2011**
Seattle, Washington

Before: GILMAN, CLIFTON, and N.R. SMITH, Circuit Judges. ***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

Benjamin Nuñez-Marquez (Nuñez), a native and citizen of Mexico, petitions for review of the dismissal of his appeal by the Board of Immigration Appeals (BIA). The BIA affirmed the decision of an immigration judge (IJ) denying his motion to suppress evidence and his request to terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.      The BIA did not err in denying the motion to suppress. The exclusionary rule does not generally apply in immigration proceedings. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984). We have held, however, that it does bar the introduction of evidence obtained through "egregious violations"of the Fourth Amendment. *See Orhorhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994). An officer acted egregiously when he "committed the violation deliberately or by conduct a reasonable officer should have known would violate the Constitution," *Id*.

Petitioner does not contend that the officers here deliberately violated petitioner's Fourth Amendment rights. Nor should a reasonable officer have known that the Anacortes checkpoint was unconstitutional. While the District Court for the Western District had previously found a full car search at the Anacortes checkpoint to be unconstitutional, *United States v. Graham*, 117 F. Supp. 2d 1015, 1017-20 (W.D. Wash. 2000), nothing in that decision would alert a

reasonable officer that the quick stop and questioning that occurred here was unconstitutional. Additionally, the Anacortes checkpoint, while not identical, is relatively similar to the immigration checkpoints approved by the Supreme Court in *United States v. Martinez-Fuerte*, 428 U.S. 543 (1976). Given the similarities, a reasonable officer could have believed the Anacortes checkpoint was constitutional.

2.      The BIA did not err in finding that Nuñez's Fifth Amendment rights were not violated. First, there is no evidence that Nuñez's statements were coerced. Second, even though Nuñez was not provided counsel, any due process violation was not prejudicial, because he admitted his illegal presence prior to his request for counsel. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not simply presume prejudice." (citations omitted)). Lastly, the IJ did not violate Nuñez's due process rights by admitting the Form I–213, because the form was probative and its admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310–11 (9th Cir. 1995).

3.      Admitting the Form I-213 did not constitute reversible error, even though the Border Patrol officers did not comply with 8 C.F.R. § 287.3(a). First, this regulation does not "create any rights, substantive or procedural, enforceable at law

3

by any party in any matter, civil or criminal." 8 C.F.R. § 287.12. Second, even if

it did create a right, Nuñez has not shown that he was prejudiced from its

admission, because there was other evidence demonstrating he had illegally

entered the country. *See Lata*, 204 F.3d at 1246.

**PETITION FOR REVIEW DENIED.**