**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO SILVA-MONDRAGON, | No. 12-71454 |
| Petitioner, | Agency No. A087-526-573 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:   FISHER, GOULD, and BYBEE, Circuit Judges.

Roberto Silva-Mondragon, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, including constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not err in admitting Silva-Mondragon's Form I-213 where Silva-Mondragon did not demonstrate that the Form I-213 was obtained through an egregious violation of the Fourth Amendment. *See Orhorhaghe v. INS*, 38 F.3d 488, 492-93 (9th Cir. 1994). The Form I-213 was probative and Silva-Mondragon does not claim that he was coerced into giving the information in the I-213 or that the information it contains is incorrect. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (Admission of a Form I-213 "is fair absent evidence of coercion or that the statements are not those of the petitioner."); *see also Lopez-Chavez v. INS*, 259 F.3d 1176, 1178 (9th Cir. 2001) (alienage can be proven with a properly authenticated Form I-213).

Silva-Mondragon's claim that he was prevented from exercising his right to admit or deny the factual allegations and charge of removability contained in the Notice to Appear is belied by the record, and he has not established prejudice from the admission of the request for a prompt hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

In light of our disposition, we need not reach Silva-Mondragon's remaining claim.

**PETITION FOR REVIEW DENIED.**