**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO GARCIA SOLIS,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-73266<br><br>Agency No. A088-448-783<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Roberto Garcia Solis, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

removal and voluntary departure.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for substantial evidence determinations regarding good moral character. *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007). We review de novo constitutional claims and questions of law. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Garcia Solis does not challenge the agency's dispositive determination that he failed to establish the requisite hardship for cancellation of removal, *see Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010), thus we need not reach his other contentions regarding cancellation of removal, *see Simeonov*, 371 F.3d at 538 ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

Substantial evidence supports the agency's determination that Garcia Solis provided false testimony for the purpose of obtaining an immigration benefit and is therefore statutorily precluded from demonstrating good moral character under 8 U.S.C. § 1101(f)(6) as required for voluntary departure. *See* 8 U.S.C. § 1229b(b)(1)(B). Contrary to Garcia Solis's contention, the agency properly relied on the 2007 police report to determine that Garcia Solis and his wife provided false testimony. *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The

sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair.").

Garcia Solis's due process claims related to the agency's consideration of the 2007 police report fail, where he has not established prejudice regarding cross-examination of the preparer, and his contention that he did not have an opportunity to review or challenge the report is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Garcia Solis's contention that the agency made an adverse credibility determination is not supported by the record.

**PETITION FOR REVIEW DENIED.**

13-73266