NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERTOLDO ESCOBAR REYNA, | No. 12-70826 |
| Petitioner, | Agency No. A077-961-396 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Bertoldo Escobar Reyna, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to suppress evidence and

terminate removal proceedings, and ordering him removed.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress, and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Reyna's motion to suppress evidence and terminate proceedings, because *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009), forecloses his contention that his statements to immigration officials at the border were obtained in violation of 8 C.F.R. § 287.3(c). Reyna urges us to reconsider our holding in *Samayoa-Martinez*, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011). We also reject Reyna's contention that *de Rodriguez-Echeverria v. Mukasey*, 534 F.3d 1047 (9th Cir. 2008) controls the result of his case.

The agency also did not err by admitting the government's evidence, where the documents submitted were probative, their admission was fundamentally fair, and Reyna failed to establish that they were inaccurate or obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative

factors to persuade the court not to admit it." ) (internal citations omitted)).

**PETITION FOR REVIEW DENIED.**