**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIRO CHAVELAS ESPINOZA, AKA Ciro Chavelas,<br><br>       Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>       Respondent. | No.   13-72016<br><br>Agency No. A073-957-998<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017**

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Ciro Chavelas Espinoza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to suppress evidence and

terminate removal proceedings, and ordering removal. We have jurisdiction under

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo the denial of a motion to suppress, and claims of constitutional violations.  *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011).  We deny the petition for review.

The agency did not err or violate due process in denying Espinoza's motion to suppress evidence and terminate removal proceedings, where Espinoza did not demonstrate that his statements to immigration officials at the border were obtained through an egregious violation of the Fourth Amendment, *see Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution), and *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009) forecloses his contention that his statements were obtained in violation of 8 C.F.R. § 287.3(c), *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).  To the extent Espinoza urges us to reconsider our holding in *Samayoa-Martinez*, a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court.  *See Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011).

The agency also did not err or violate due process by admitting into evidence his statements to immigration officials, where the statements were probative, their

admission was fundamentally fair, and Espinoza failed to establish that they were inaccurate or obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it." (internal citation omitted)); *Lata*, 204 F.3d at 1246.

To the extent Espinoza contends that he was entitled to cross-examine the border officials who prepared his statement, we reject this contention. *See* 8 U.S.C. § 1229a(b)(4)(B); *Espinoza*, 45 F.3d at 311 (aliens in deportation proceedings may not assert a cross-examination right to prevent the government from establishing uncontested facts).

**PETITION FOR REVIEW DENIED.**