NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL RUIZ-SOLIS, | No.   16-71539 |
| Petitioner, | Agency No. A089-926-419 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Ismael Ruiz-Solis, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying cancellation of removal. We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the agency's determinations

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of credibility and continuous physical presence. *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination. *See Singh*, 643 F.3d at 1180 (court must uphold agency's credibility finding unless evidence compels a contrary result). Absent credible testimony or other evidence to the contrary, the agency properly relied on the signed Form I-826, Notice of Rights and Request for Disposition, as evidence that Ruiz-Solis's acceptance of voluntary departure in 2009 was knowing and voluntary. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("information on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien").

Accordingly, substantial evidence supports the agency's finding that Ruiz-Solis did not establish the required continuous physical presence and was therefore ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores*, 439 F.3d at 618 (voluntary departure interrupts physical presence).

**PETITION FOR REVIEW DENIED.**