Jose Antonio Mata MATA;
et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

Jose Antonio Mata Mata;
et al., Petitioners,

v.

Eric H. Holder, Jr., Attorney
General, Respondent.

Nos. 06–71520, 06–73548.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2009.

Filed May 20, 2009.

Before: HALL, KLEINFELD and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Husband and wife, Jose Antonio Mata Mata and Marcelina Sanchez De Mata, and their two sons, Juan Jose Mata Sanchez and Ricardo Mata Sanchez (collectively "Petitioners") petition for review of the Board of Immigration Appeals's ("BIA") decision that they were removable under 8 U.S.C. § 1182(a)(6)(C)(i). We have jurisdiction pursuant to 8 U.S.C. § 1252. The parties know the facts, and we need not recite them here. We grant the petition.

■ Because the Government has conceded there was no evidence of Petitioners' knowledge and offered no argument as to knowledge, we find no substantial evidence supporting the Immigration Judge's conclusion that Petitioners were removable because they procured admission into the United States by fraud or willful misrepresentation. *See* 8 U.S.C. § 1182(a)(6)(C)(i); *Matter of G–G–*, 7 I. & N. Dec. 161, 164–65 (BIA 1956) (construing § 1182(a)(6)(C)(i)'s predecessor to require a petitioner's knowledge of falsity for both fraud and willful misrepresentation); *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995) (stating that a petitioner's knowledge of falsity satisfies § 1182(a)(6)(C)(i)'s fraud or willful misrepresentation requirement). For this reason, we need not reach Petitioners' other issues, including the BIA's decision on the motion to reopen, except to say that there was no error in the admis-

Robert J. Dupont, Richard M. Wilner, Esquire, Wilner & O'Reilly, APLC, Cerritos, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey Lawrence Menkin, Trial, Oil, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion of Mata's Mexican birth certificate. *See Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995).

We thus **GRANT** the petition and **REMAND** for a decision on the Government's alternate ground for removal, the failure to possess valid entry documents under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

* This disposition is not appropriate for publication and is not precedent except as provided

