**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIGIA MARIA GUZMAN, | No. 06-70353 |
| Petitioner, | Agency No. A075-581-260 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010**

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Ligia Maria Guzman, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision finding her removable for participating in alien

smuggling.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and review for substantial evidence the agency's findings of fact, *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 744 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the agency's determination that Guzman participated in alien smuggling where the record contains Guzman's sworn statement admitting she knew the birth certificate she presented to the immigration officer did not belong to the passenger in her vehicle. *See id.* at 744.

The determination that Guzman's sworn statement was not coerced is also supported by substantial evidence. *See Cuevas-Ortega v. INS*, 588 F.2d 1274, 1278 (9th Cir. 1979) ("the bare assertion that a statement is involuntary is insufficient" to prove coercion); *see also Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it.")

Guzman's due process rights were not violated by the admission of the smuggled alien's Form I-213 because the form was probative and its admission was fundamentally fair. *See id.* at 310 (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its

admission is fundamentally fair," and rejecting the argument that a Form I-213 was inadmissible as hearsay).

**PETITION FOR REVIEW DENIED.**