**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ENRIQUE SERRANO-JIMENEZ, a.k.a. Jose Jimenez-Jimenez, | No. 07-72144 |
| Petitioner, | Agency No. A095-289-197 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jose Enrique Serrano-Jimenez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for adjustment

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of status and ordering him removed. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and due process claims, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Serrano-Jimenez's due process rights were not violated by the admission of the Form I-213 (Record of Deportable/Inadmissible Alien), which documented his false claim to citizenship and which was supported by the preparing officer's testimony. *See Espinoz v. INS*, 45 F.3d 308, 310 ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it."); *see also Tejada-Mata v. INS*, 626 F.2d 721, 724 (9th Cir. 1980) (authenticity of a Form I-213 sufficiently established by the officer who prepared it).

We agree with the BIA that, even assuming U.S. Immigration and Customs Enforcement violated 8 C.F.R. § 287.3(a), Serrano-Jimenz failed to demonstrate prejudice. *See U.S. v. Calderon-Medina*, 591 F.2d 529 (9th Cir. 1979).

We do not have jurisdiction over Serrano-Jimenez's contention that the IJ based his credibility finding on improper factors, because the BIA declined to reach this issue. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)

07-72144

(where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision the court's "review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.") (internal quotation marks omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**