**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITA JAVIER DE OLIVER, | No. 06-72908 |
| Petitioner, | |
| v. | Agency No. A071-816-292 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2010[**]
Pasadena, California

Before: FARRIS, HALL and SILVERMAN, Circuit Judges.

Margarita Javier De Oliver, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' final order of removal finding her

removable for alien smuggling. We have jurisdiction pursuant to 8 U.S.C. § 1252.

The government must prove alien smuggling with "clear, unequivocal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

convincing evidence" and we review the factual findings for substantial evidence. *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005).

Petitioner argues that the Board of Immigration Appeals and Immigration Judged improperly relied on I-213 forms to find that she knowingly attempted to smuggle her goddaughter into the country. However, we have held that an I-213 form is generally admissible. *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995). In any case, the Immigration Judge and Board of Immigration Appeals also relied on the transcript of petitioner's sworn statement, which establishes that petitioner received calls from Mexico in which she planned the border crossing, left her daughter at home, traveled to Mexico, picked up her goddaughter, and attempted to bring her goddaughter across the border using her daughter's birth certificate. Petitioner stated under oath that she had been treated "fine" by border officials and that her statement was voluntary. Petitioner admitted to making this statement at the border and had an opportunity to cross examine the border officers who took her statement and prepared the government forms. The record does not compel a contrary conclusion that petitioner was mistreated by border officers or that any of the government documents are unreliable.

Petitioner also asserts that in light of her family's testimony that she was merely an unknowing passenger, the Board of Immigration Appeals ruled contrary to *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005). However, the evidence

supports the Immigration Judge's finding that petitioner actively planned and attempted to execute the plan to smuggle her goddaughter across the border, which is unlike the situation in *Altamirano*.

PETITION FOR REVIEW DENIED.