**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATEH JABBI, | No. 09-70965 |
| Petitioner, | Agency No. A099-340-108 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2010[**]
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and CEBULL, Chief
District Judge.[***]

Pateh Jabbi, native and citizen of The Gambia, petitions for review of a

decision by the Board of Immigration Appeals (BIA) affirming the immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard F. Cebull, United States District Judge for the
District of Montana, sitting by designation.

judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA denied relief on the basis of an adverse credibility finding. The provisions of the REAL ID Act govern our review. *See* REAL ID Act § 101(h)(2), Pub. L. No. 109-13, 119 Stat. 231, 305 (2005) (stating that the amendments are applicable to asylum applications filed on or after the date of enactment). We deny the petition for review.

1.      The BIA did not err in holding that the IJ properly admitted and considered the asylum officer's notes and Assessment to Refer. First, Jabbi's counsel did not object to their admission. Second, neither Ninth Circuit precedent nor internal agency guidelines mandates that these documents are inadmissible in asylum hearings. The documents were probative and their admission was fundamentally fair. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).

2.      Substantial evidence supports the BIA's adverse credibility finding. The BIA identified four reasons for its finding. Jabbi did not challenge two of these four reasons for the BIA finding before this court. He has therefore waived any challenge to these two grounds. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Additionally, substantial evidence supports the BIA's adverse credibility determination that (1) Jabbi's statements in his testimony, asylum interview, and asylum application regarding his relationship with the

2

United Democratic Party leader, Ousainu Darboe, were inconsistent and undermined Jabbi's claim of persecution and (2) Jabbi was unable to provide a satisfactory explanation for this inconsistency. In the absence of credible testimony, Jabbi failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Jabbi's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57.

PETITION FOR REVIEW DENIED.