**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANALIA AGUAYO-VILLEGAS, | No. 08-70310 |
| Petitioner, | Agency No. A077-170-876 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010**

Before:    O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Analia Aguayo-Villegas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law and due process claims, and for substantial

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Aguayo-Villegas participated in alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i). The record establishes that Aguayo-Villegas was not merely present in the vehicle, but she actively participated in the smuggling scheme and conceded she acted with the intention of assisting the alien passengers to enter the United States in violation of law. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 748-49 (9th Cir. 2007) (knowing act of assistance to another's effort to enter the United States illegally is an affirmative act under the statute). She therefore "provided some form of affirmative assistance to the illegally entering alien." *Cf. Altamirano v. Gonzales*, 427 F.3d 586, 592, 594 (9th Cir. 2005) (an alien who provides no affirmative act of assistance does not come under the statute's purview).

Aguayo-Villegas' contention that her statements reflected in the Form I-213 (Record of Deportable/Inadmissible Alien) were obtained in violation of 8 C.F.R. § 287.3(c) is not persuasive because it does not apply to her as she was not in proceedings. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009) (holding that section 287.3(c)'s protections apply only after a Notice to Appear has been filed in the immigration court).

08-70310

Aguayo-Villegas' due process rights were not violated by the admission of her Form I-213 and the Report of Investigation (Form G-166) because the forms were probative, and their admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair," and rejecting argument that a Form I-213 is inadmissible as hearsay). Aguayo-Villegas had the opportunity to cross examine the preparer of the forms and she produced no probative evidence that cast doubt on the documents' reliability.

**PETITION FOR REVIEW DENIED**.