**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENCIO LOPEZ-VILLANUEVA, | No. 08-73242 |
| Petitioner, | Agency No. A079-287-488 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Florencio Lopez-Villanueva, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's ("IJ") decision denying his application for cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's continuous physical presence determination, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006), and review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Lopez-Villanueva did not meet the continuous physical presence requirement where the record includes a Notice and Order of Expedited Removal as well as other government documents corroborating the expedited removal. *See Juarez-Ramos v. Gonzales*, 485 F.3d 509, 511 (9th Cir. 2007) (expedited removal order interrupts an alien's continuous physical presence for cancellation purposes).

Lopez-Villaneuva's due process claims fail because he cannot demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir. 2000) (requiring prejudice for a petitioner to prevail on a due process claim); *see also Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (presuming reliability of authenticated immigration forms).

**PETITION FOR REVIEW DENIED.**