CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent. The majority’s decision exalts form over substance while ignoring the only conclusion the evidence will support: a denial of relief.
In its decision, the BIA correctly recognized that the government “bears the burden of establishing all facts supporting removability by clear, unequivocal, and convincing evidence.” The BIA also correctly recognized that, under Matter of Lugo-Guadiana, 12 I. & N. Dec. at 730, “‘there must be an evaluation and a weighing of all the evidence and a finding made with regard to its credibility before’ ” that test for burden of proof “ ‘comes into play.’ ”
The BIA found no reversible error in the Immigration Judge’s (“IJ’s”) determination that Garcia failed to rebut the presumption of alienage with a preponderance of credible evidence. The BIA reasonably explained that “virtually all of the evidence contained in the record reflects that the respondent is a native and citizen of Mexico.” Specifically, Garcia admitted to an immigration officer that she was born in Mexico, a fact that the government’s highly probative immigration form reflected and that the officer testified to before the IJ. See Espinoza v. INS, 45 F.3d 308, 310 (9th Cir.1995) (explaining that such forms are presumed reliable and trustworthy in the absence of evidence to the contrary). In addition: (1) Garcia had long represented that she and her children were Mexican by relying on a fraudulent Mexican birth certificate; (2) Garcia claimed U.S. citizenship only recently and only expressed uncertainty as to her place of birth after being placed in removal proceedings; (3) neither Garcia nor her only witness, her great aunt, were able to say that Garcia was or could have been born in the United States; and (4) there was absolutely no documentation showing that Garcia was or could have been born in the United States. The only contrary evidence — the mere possibility that Garcia was born somewhere else based on her later inconsistent statements — “does not amount to substantial credible evidence proving United States citizenship.”
The BIA acknowledged the IJ did not make an adverse credibility finding, but found that did not matter because “the unclear and speculative nature” of Garcia’s and her aunt’s testimony — “which is the only evidence that supports [Garcia’s] claim” — was insufficient to rebut the overwhelming evidence of alienage. That is, the BIA determined there was no “reliable” or “credible” evidence Garcia was born in the United States. The BIA would have reached this conclusion before or after determining whether Garcia and her aunt were credible, and before or after weighing their testimony against the government’s evidence.
In faulting the BIA for failing to use specific words in its decision, the majority ignores the agency’s reasonable conclusion that Garcia was not born in the United States. (Indeed, that was the only reasonable conclusion given the record evidence. Among other things, Garcia’s testimony contradicted evidence that she, for many years, had successfully represented that she was born in Mexico.) As a result, the majority’s decision stands for the untenable proposition that an inadmissible alien, simply by proclaiming “I don’t know where I was born,” gets to stay in the country despite overwhelming evidence of foreign birth. A remand will only require the BIA and IJ to redo what they already have done — “evaluate] and ... weigh[ ] ... all the evidence and [make] a finding ... with regard to its credibility.” Matter of Lugo- *471 Guadiana, 12 I. & N. Dec. at 730. Because the government already has proven Garcia’s alienage by clear and convincing evidence, I would deny Garcia’s petition for review.