**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHU JIE HU,

  Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 08-72925

Agency No. A076-093-532

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

  Shu Jie Hu, a native and citizen of China, petitions for review of the decision

of the Board of Immigration Appeals (BIA), which affirmed the finding of an

Immigration Judge (IJ) that Hu filed a frivolous asylum application -- a finding that

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

forever bars her from receiving any benefits under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. ("INA"). Because the parties are familiar with the facts, we repeat them only as necessary to illuminate our decision. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Hu argues that she was denied due process because (1) the IJ who presided over her case was biased against her as a result of a previous IJ's allegedly prejudicial comments, and (2) the admission into evidence of a suspicious stack of documents, which Hu left behind in the courtroom after her asylum hearing, was fundamentally unfair. She argues also that the record does not support the frivolousness finding and that the IJ did not make sufficient findings regarding which elements of her asylum claim were fabricated.

1. IJ Bagley's comments, taken as a whole and in context, confirm that he did not demonstrate improper bias against Hu. He correctly noted that any judge assigned to Hu's case would be required to review the record and would thus be exposed to the statements made by IJ Walsh as he recused himself. IJ Bagley recognized that there might be an innocent explanation for Hu's possession and use of the documents and believed he could be impartial. Hu was not "prevented from reasonably presenting [her] case." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000) (quoting Platero-Cortez v. INS, 804 F.2d 1127, 1132 (9th Cir. 1986)).

2

Indeed, IJ Bagley allowed Hu to testify extensively regarding the documents. That IJ Bagley did not credit Hu's testimony does not violate due process.

2.    The admission of Exhibits 5A and 5B did not violate Hu's due process rights because the evidence was "probative and its admission [was] fundamentally fair." Espinoza v. INS, 45 F.3d 308, 310 (9th Cir. 1995). The certificate of translation by Interpreter Yang sufficiently identified the translated documents as the entire stack of papers, even though the boilerplate language referred to only one "document." Further, although Hu claims that the documents found by IJ Walsh suffer from a chain of custody problem, she has failed to identify a single missing, altered, or mistranslated document. She has therefore failed to meet her burden of showing that any irregularities in the exhibits might have affected the outcome of the proceedings. See Colmenar, 210 F.3d at 971.

3.    IJ Bagley made sufficiently specific findings that Hu deliberately fabricated material elements of her asylum claim. See Khadka v. Holder, 618 F.3d 996, 1002 (9th Cir. 2010); 8 C.F.R. § 208.20. After reviewing the exhibits and taking testimony, he determined that Hu's asylum claim was "fabricated throughout" and that her "entire testimony was based upon her review" of the documents, which IJ Bagley described as "a primer or a set of instructions about how one is to apply for asylum in the United States and how one should respond to

3

questions asked in an asylum setting both about religion and about the basis of the asylum claim." In essence, the documents were the syllabus for Christianity 101.

IJ Bagley discussed the specific portions of the documents that caused him to doubt Hu's claim, gave Hu multiple opportunities to explain them, and discussed why Hu's explanations were unsatisfactory. This is sufficient under our precedent to constitute an explicit finding that Hu knowingly filed a frivolous application. See Ahir v. Mukasey, 527 F.3d 912, 918 (9th Cir. 2008) (holding that an IJ's finding that an asylum claim "had been fabricated 'whole cloth'" was sufficiently specific to support a frivolousness finding).

4. A strong preponderance of evidence supports the frivolousness finding. See id. at 918-19. Hu's testimony was full of contradictions and outright reversals regarding, inter alia, who gave her the documents, why she had them, whether she referred to them during her merits hearing, and whether she had reviewed them at all. As the IJ noted, Hu's testimony was "waffling and inconsistent," and her responses were "discrepant . . . and unbelievable."

Although the consequences for filing a frivolous asylum application are severe, Hu has no one else to blame for her troubles. She drowned herself in her own changing tide of lies.

PETITION DENIED.

4