**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANPREET SINGH, | No. 13-71394 |
| Petitioner, | Agency No. A200-938-723 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Order of the
Board of Immigration Appeals

Submitted November 5, 2015[**]
Pasadena, California

Before: GRABER and GOULD, Circuit Judges, and DANIEL,[***] Senior District
Judge.

Petitioner Manpreet Singh, a native and citizen of India, petitions for review

of a decision by the Board of Immigration Appeals (BIA) affirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Wiley Y. Daniel, Senior United States District Judge for the District of Colorado, sitting by designation.

immigration judge's (IJ) denial of his request for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review. The BIA properly affirmed the IJ's adverse credibility determination as supported by substantial evidence.

1. Singh argues that the government violated his due process right to a fundamentally fair removal hearing by introducing a Form I-213 without making available for cross-examination the border patrol agent who prepared it. The Due Process Clause mandates that evidence in a removal hearing be "probative and its admission . . . fundamentally fair," *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995), which generally requires that the alien have "a reasonable opportunity . . . to cross-examine witnesses presented by the Government," 8 U.S.C. § 1229a(b)(4)(B). A Form I-213, however, is presumptively reliable, and "absen[t] . . . evidence to the contrary presented by the alien," there is no right to confront the Form's preparer. *Espinoza*, 45 F.3d at 310–11. Further, the admissibility of Form I-213 "is fair absent evidence of coercion or that the statements are not those of the petitioner." *Id.* at 310. Singh has presented insufficient evidence to refute the presumption of reliability and establish a due process violation. Singh has also failed to present evidence that he was coerced or that someone else made the statements on the Form I-213. Additionally, the BIA found that Petitioner's Forms I-867A and I-831 contained information already included in the record, and

2

therefore remand to the IJ was not required. We find that the BIA's refusal to remand for more fact-finding under 8 C.F.R. § 1003.1(d)(3)(iv) did not violate due process.

2. Singh also argues that the BIA's adverse credibility finding was not supported by substantial evidence. "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). We must uphold the agency's adverse credibility determination "so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Singh told an immigration officer that he left India in September 2009 to attend school in London; however, he testified that he joined the Akali Dal party in 2009, was arrested on May 30, 2010, was beaten on June 20, 2010, and left India in July 2010 to avoid persecution. This discrepancy is significant because if the first statement is true, then Singh was not even in India when the alleged events occurred. The IJ was not required to accept Singh's explanation that he was too nervous or too exhausted from travel during the interview with the border patrol agent to know what he was saying.

Because neither the introduction of Form I-213 nor the BIA's refusal to remand for more fact-finding regarding Forms I-867A and I-831 rendered Singh's

3

hearing fundamentally unfair, and because the IJ's adverse credibility finding was supported by substantial evidence, Singh's petition for review is denied.

**Petition DENIED**.