NOT FOR PUBLICATION

NOV 28 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JESUS SALVADOR PENA-MORALES, | ) ) ) | No. 13-73363 |
| Petitioner, | ) ) | Agency No. A079-804-855 |
| v. | ) ) | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | ) ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2016
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jesus Pena-Morales, a citizen of Mexico and a lawful permanent resident of

the United States, petitions for review of the Board of Immigration Appeals' (BIA)

decision upholding the Immigration Judge's (IJ) order of removal based upon

Pena's engaging in alien smuggling. *See* 8 U.S.C. § 1182(a)(6)(E)(i). We deny the

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

petition.

(1)     Pena asserts that the BIA improperly upheld the IJ's credibility determinations, because the IJ clearly erred[1] when she determined that he was not credible.  We disagree.  We have carefully reviewed the record, including, but not limited to, the reports and testimony of the agents, Pena's recorded statements at the time of the incident, Pena's testimony, his declarations, and the testimony of his wife.  We conclude that substantial evidence supports the determinations by the BIA and the IJ.  *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 483–84, 112 S. Ct. 812, 815 & n.1, 817, 117 L. Ed. 2d 38 (1992).

Moreover, the record supports the determination that Pena's statements were not a result of duress or coercion.[2]  *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2013)*; Samayoa-Martinez v. Holder*, 558 F.3d 897, 902 (9th Cir. 2009).  Likewise, the evidence does not lead to a conclusion that he was under criminal investigation at the time or that 8 C.F.R. § 292.5(b) otherwise applies to

_____

[1]*Oshodi v. Holder*, 729 F.3d 883, 892 (9th Cir. 2013) (en banc); *Rodriguez v. Holder*, 683 F.3d 1164, 1171–72 (9th Cir. 2012); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 574–76, 105 S. Ct. 1504, 1512, 84 L. Ed. 2d 518 (1985).

[2]Thus, his claim that 8 C.F.R. § 287.8(c)(2)(vii) was violated also fails.

him. *See Gonzaga-Ortega*, 736 F.3d at 804.

(2) Pena also mounts other evidentiary attacks on the record, but each of those fails.

He asserts that evidence of his recorded statement should be excluded because, while there was a certified transcript of his sworn statements in a video recording, the video recording itself was not available. However, the record supports the determination that the government diligently sought to locate the missing video recording, and could not locate it. *Cf. Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 682 (9th Cir. 2005); *Saidane v. INS*, 129 F.3d 1063, 1065 (9th Cir. 1997). Moreover, in his testimony before the IJ he admitted that he had told the agents that he tried to smuggle an illegal alien child into this country.[3]

Pena asserts that he should have been able to cross-examine other witnesses: one agent whose report was cumulative, but was not shown to be unreliable;[4] the illegal alien; and Pena's friend (Martinez) who told the officers that the illegal alien child was a United States citizen. However, even if those witnesses could

_____

[3]On this record we do not find cause to exclude the transcript of the video recording, however, absence of the recording does cause us concern. The government should take more effective steps to assure that recordings are preserved when it anticipates using the transcripts thereof.

[4]*See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (proper to rely upon reliable I-213 reports).

and should have been produced, Pena has not shown that any prejudice flowed from their absence, and on this record we perceive none. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010); *Cinapian v. Holder*, 567 F.3d 1067, 1075 (9th Cir. 2009).

(3)  Pena finally asserts that the record was insufficient to support a determination by clear and convincing evidence[5] that he had, indeed, engaged in alien smuggling.  We disagree; the record offers ample support for that determination.

Petition DENIED.

---

[5]*See Perez-Arceo v. Lynch*, 821 F.3d 1178, 1183 (9th Cir. 2016); *see also Landon v. Plasencia*, 459 U.S. 21, 24, 35, 103 S. Ct. 321, 325, 330–31, 74 L. Ed. 2d 21 (1982); *Mondaca-Vega v. Lynch*, 808 F.3d 413, 419–22 (9th Cir. 2015) (en banc), *cert. denied*, No. 15-1153, __ U.S. __, __, __ S. Ct. __, __, 2016 WL 1046856 (Oct. 3, 2016).