**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESMERALDA CARBALLO RAMIREZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 16-71083 Agency No. A061-141-792 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Esmeralda Carballo Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's removal order, and denying her motion to remand.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

denial of a motion to remand, and review de novo constitutional claims. *Vargas-*

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hernandez v. Gonzales*, 497 F.3d 919, 923, 921 (9th Cir. 2007). We review for substantial evidence the agency's factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Carballo Ramirez's motion to remand based on ineffective assistance of counsel, where she failed to establish prejudice resulting from her prior attorney's alleged ineffective assistance. *See Mohammed v. Gonzales*, 400 F.3d 785, 793-94 (9th Cir. 2005) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance may have affected the outcome of the proceedings).

To the extent Carballo Ramirez challenges the agency's finding of removability, substantial evidence supports the agency's finding that she is removable under 8 U.S.C. § 1182(a)(6)(E)(i), where she knowingly assisted another alien in seeking entry into the United States in violation of the law. *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005) (requiring an affirmative act of assistance in order to establish alien smuggling). Carballo Ramirez did not demonstrate that her statements to immigration officials at the border were inaccurate or obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair; information on an

authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien).

In light of our disposition, we do not reach Carballo Ramirez's remaining contentions regarding whether prior counsel erred and the necessity of complying with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**