**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR MURGO-PULIDO, | No. 15-72561 |
| Petitioner, | Agency No. A201-179-165 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**
San Francisco, California

Before: FERNANDEZ and McKEOWN, Circuit Judges, and BENITEZ,***
District Judge.

Salvador Murgo-Pulido, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

of an Immigration Judge's ("IJ") decision finding him removable under 8 U.S.C. § 1182(a)(6)(E)(i) for inability to demonstrate good moral character. Our jurisdiction is governed by 8 U.S.C. § 1252. We **DENY** the petition.

The BIA did not err in affirming the IJ's determination that Murgo-Pulido was statutorily barred from establishing "good moral character." To be eligible for cancellation of removal, an alien must prove, among other things, that he has been "a person of good moral character" during the ten years preceding his application for relief. 8 U.S.C. §§ 1229a(c)(4)(A)(i), 1229b(b)(1).

The IJ pretermitted the application after Murgo-Pulido's testimony revealed he could not be regarded as a person of good moral character because he knowingly assisted two of his brothers in seeking unlawful entry into the United States in violation of the law. *See Altamirano v. Gonzales*, 427 F.3d 586, 592-93 (9th Cir. 2005) (requiring an affirmative act of assistance in order to establish alien smuggling). At least one of the occasions occurred during the ten years preceding his application for relief.

Nor did Murgo-Pulido demonstrate that his testimony at the removal hearing was inaccurate or obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (the sole test for admission of evidence is whether the evidence is probative; unrefuted statements freely made by alien admissible as evidence unless admission would be fundamentally unfair; information on an authenticated

15-72561

immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien).

Murgo-Pulido's contention that the BIA erred in failing to address his "state of mind" argument regarding what he knew about how his brothers would use the money he provided is without merit. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**