NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARNULFO GONZALEZ-RANGEL,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-74051

Agency No. A206-266-413

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Arnulfo Gonzalez-Rangel, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to suppress evidence and

terminate removal proceedings, and ordering removal. We have jurisdiction under

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo the denial of a motion to suppress and constitutional claims. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err or violate due process in denying Gonzalez-Rangel's motion to suppress evidence and terminate removal proceedings, where he did not demonstrate that his statements to immigration officials were obtained through an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

The agency also did not err or violate due process by admitting into evidence Gonzalez-Rangel's statements to immigration officials, where the statements were probative, their admission was fundamentally fair, and Gonzalez-Rangel failed to establish that they were inaccurate or obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it." (internal citation omitted)); *Lata*, 204 F.3d at 1246.

16-74051

We reject Gonzalez-Rangel's contention that he was entitled to cross-examine the officials who prepared his statement. *See* 8 U.S.C. § 1229a(b)(4)(B); *Espinoza*, 45 F.3d at 311 (aliens in deportation proceedings may not assert a cross-examination right to prevent the government from establishing uncontested facts).

**PETITION FOR REVIEW DENIED.**