NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUVENAL TABOADA-BAHENA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70490

Agency No. A200-198-476

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2019[**]
Pasadena, California

Before:  GRABER, BERZON, and CHRISTEN, Circuit Judges.

We lack jurisdiction to review discretionary denials of cancellation of

removal and voluntary departure.  8 U.S.C. §§ 1252(a)(2)(B)(i), 1229b, 1229c.  We

do have jurisdiction to review "colorable" legal and constitutional claims, which

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

we review *de novo*. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); 8 U.S.C. § 1252(a)(2)(D).

Here, Taboada-Bahena incorrectly argues that the Immigration Judge ("IJ") and the Board did not deny his requested relief as an exercise of discretion. To the extent that Taboada-Bahena raises due process challenges to the admission of the I-213's and his inability to cross-examine the preparers of those forms, his arguments fail. He raised no objection to the forms when they were admitted by the IJ, and he has not overcome the presumption that the forms were reliable. *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).

As there are no cognizable legal or constitutional claims, we lack jurisdiction over the discretionary denial of relief, which is independently dispositive. We therefore do not reach the question whether Taboada-Bahena was disqualified.

**DISMISSED**.