**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OLIVA ANDRADE OLAGUIVER,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   21-70252

Agency No. A205-780-296

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2023[**]
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[***] District Judge.

Oliva Andrade Olaguiver, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals (BIA) declining to reconsider its

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

dismissal of an appeal of a decision by an immigration judge (IJ) denying cancellation of removal. In particular, the BIA affirmed the IJ's determination that Andrade "did not meet her burden of establishing continuous physical presence" in the United States for ten years because "her testimony was not credible and she did not provide sufficient supporting documentation." *See* 8 U.S.C. § 1229b(b)(1)(A).

"Congress has sharply circumscribed judicial review of the discretionary-relief process," *Patel v. Garland*, 142 S. Ct. 1614, 1619 (2022), instructing that "no court shall have jurisdiction to review . . . any judgment" regarding certain relief, including cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B) (barring jurisdiction over § 1229b judgments). But this jurisdictional bar should not "be construed as precluding review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Reviewing our own jurisdiction de novo, *Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010), we dismiss the petition.

1.      Andrade contends that the IJ's negative credibility determination—which undergirded the IJ's conclusion that the continuous-presence element was not met—was "not supported by substantial evidence" or "based on the totality of circumstances." But courts "lack jurisdiction to review facts found as part of discretionary-relief proceedings," including a finding that a petitioner's "testimony was not credible." *Patel*, 142 S. Ct. at 1622, 1627. Continuous presence is also a factual determination, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006),

and the Supreme Court specifically rejected the argument that the jurisdictional bar does not apply to the determination that "an applicant has fewer than 10 years of continuous presence," *Patel*, 142 S. Ct. at 1622. Because Andrade merely challenges the factual basis of the IJ's factual findings, we lack jurisdiction to consider the challenge.

2. Andrade also contends that the IJ was biased against her and deprived her of due process. Though we have jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), the claims must be "at least . . . colorable," meaning they have "some possible validity," *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) (quoting *United States v. Sarkisian*, 197 F.3d 966, 983 (9th Cir. 1999)).

Andrade argues that the IJ acted as a "partisan adjudicator." Yet Andrade only points to a comment from the IJ that she was giving Andrade's "counsel a hard time because he hasn't prepared his case at all." To establish a due process violation in the immigration context, the petitioner must show that "the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case'" and "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)). The IJ's mild admonishment—just before the IJ found in Andrade's favor on the

issue being discussed—falls far short of this standard.

Andrade also complains that the IJ "disallow[ed]" a letter from her former employer corroborating her continuous physical presence in the country since 2004. But Andrade concedes that she did not introduce this evidence according to "the filing deadlines that were established by the [IJ] previously." And she cites no authority suggesting that the enforcement of filing deadlines deprived her of due process. *See* 8 C.F.R. § 1003.31(h) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived."). At most, she contends that it was unfair to prohibit the introduction of her untimely evidence because the IJ allowed the government to rely on "impeachment evidence" that was not disclosed before the filing deadline. Impeachment evidence, however, is not subject to the filing deadline. Immig. Ct. Prac. Manual ch. 3.1(b)(ii)(A).[1]

In sum, Andrade raises no colorable legal or constitutional claim related to the denial of her application for cancellation of removal. Thus, we lack jurisdiction over the petition. 8 U.S.C. § 1252(a)(2)(B), (D).

**PETITION DISMISSED.**

---

[1] Andrade otherwise fails to establish that the IJ's reliance on this impeachment evidence was improper, much less that it deprived her of due process or resulted in prejudice. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("[A] deportation hearing is an administrative proceeding not bound by strict rules of evidence . . . .").

21-70252